UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MICHAEL RAGLE,

    Plaintiff,

v.                            Case No. 8:19-cv-1259-T-33TGW

BLACK & DECKER (U.S.) INC.,

    Defendant.
_____/

**ORDER**

This matter comes before the Court pursuant to Defendant Black & Decker (U.S.) Inc.'s Notice of Removal and subsequent response to this Court's Order to Show Cause. (Doc. ## 1, 6). For the reasons that follow, this case is remanded to state court for lack of subject matter jurisdiction.

**I. Background**

On April 17, 2018, Plaintiff Michael Ragle was using a table saw manufactured by Black & Decker to cut wood when the machine amputated his middle finger down to the first knuckle. (Doc. # 1-1 at 2). On December 21, 2018, Ragle initiated this case in state court. Then, on February 18, 2019, Ragle filed his Amended Complaint against Black & Decker, claiming damages for strict liability, negligence, and implied warranties of merchantability and fitness. (Doc. # 1-1).

1

Black & Decker removed the case to this Court on May 22, 2019. (Doc. # 1).

On May 23, 2019, the Court entered an Order to Show Cause, (Doc. # 3), explaining that Black & Decker had not established that the amount in controversy requirement was met by a preponderance of the evidence. Black & Decker filed a response to the Court's Order on May 29, 2019, in an attempt to establish that the amount in controversy exceeds $75,000. (Doc. # 6). Ragle filed his response to Black & Decker's response on May 31, 2019. (Doc. # 7).

## II. Discussion

This action was removed to this Court on the basis of diversity jurisdiction. (Doc. # 1). When a defendant premises jurisdiction upon diversity of citizenship, 28 U.S.C. § 1332(a) requires that "the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs." If the amount in controversy is not evident from the complaint, "the court should look to the notice of removal and may require evidence relevant to the amount in controversy at the time the case was removed." Williams v. Best Buy Co., 269 F.3d 1316, 1319 (11th Cir. 2001).

If "damages are unspecified, the removing party bears the burden of establishing the jurisdictional amount by a

2

preponderance of the evidence," Lowery v. Ala. Power Co., 483 F.3d 1184, 1208 (11th Cir. 2007). Finally, "Courts must be mindful that removal statutes are construed narrowly and . . . uncertainties are resolved in favor of remand." Mitchell v. Tuesday Morning, Inc., No. 6:10-cv-1913-Orl-22DAB, 2011 WL 2516239, at *5 (M.D. Fla. Apr. 26, 2011).

Ragle's Amended Complaint does not allege a specific amount of damages. (Doc. # 1-1). Rather, Black & Decker relies on four things to establish the amount in controversy: (1) published precedent; (2) the factual allegations contained in the Amended Complaint; (3) the opinion Pugliese v. Texas Roadhouse, Inc., No. 5:17-cv-392-Oc-PRL, 2017 WL 6276587, at *2 (M.D. Fla. Dec. 11, 2017); and (4) Ragle's admission that he is seeking damages in excess of $75,000. (Doc. # 6 at 1).

Black & Decker is correct that published precedent may be used as evidence to establish the jurisdictional amount in controversy. See De Aguilar v. Boeing Co., 11 F.3d 55, 58 (5th Cir. 1993)(holding that the Defendant proved the jurisdictional amount using published precedent, testimonials, and evidence of claim disparity); see, e.g., Mitchell, 2011 WL 2516239, at *3 (holding that evidence of published precedent must be similar in some way to the Plaintiff's claim in order to establish the jurisdictional

3

amount). Black & Decker provides a long list of the jury verdicts and damages won by various plaintiffs in other finger amputation cases in its response. (Doc. # 6 at 2-4; Doc. # 6-1). But, the existence of such precedent is not automatic proof of the jurisdictional amount; rather, it is one piece of evidence a removing party may present when attempting to establish the amount in controversy.

Despite Black & Decker's presentation of jury verdicts obtained in other cases, the Court is not convinced that these cases sufficiently establish the jurisdictional amount in controversy in this case. True, each of the cases presented by Black & Decker resulted in damages over $75,000 and involved finger amputations. However, the mere similarity between the physical injuries in those cases and in this one does not account for the many other unique circumstances that may have influenced the final damages awards in those cases. Although the Court may use its judicial experience and common sense in determining whether the amount in controversy requirement is satisfied, <u>Roe v. Michelin North America, Inc.</u>, 613 F.3d 1058, 1061-62 (11th Cir. 2010), the Court will not make such a large inferential leap in this case.

Black & Decker further argues that Ragle's Amended Complaint itself establishes the jurisdictional amount. (Doc.

4

# 6 at 5). Black & Decker specifically focuses on the Amended Complaint's allegation that Ragle "suffered a permanent physical injury . . . and has suffered permanent and continuing physical pain and suffering as well as scarring and mental anguish." (Id.). But the Court is not convinced that the amount in controversy requirement is met based on this vague allegation about Ragle's injury and pain and suffering, which is unsupported by facts specific to this case.

Finally, Black & Decker argues that Ragle's admission that his damages exceed $75,000 demonstrates by a preponderance of the evidence that the jurisdictional amount has been met. (Doc. # 6 at 6). Black & Decker relies on Pugliese v. Texas Roadhouse, Inc. for the proposition that: "Responses for Requests for Admissions qualify as an 'other paper' for purposes of establishing the requisite amount in controversy." 2017 WL 6276587, at *2. However, Pugliese also noted that conclusory responses to requests for admission by themselves "cannot constitute the basis for removal on diversity jurisdiction, as [such admissions] lack[] factual support for the contention." Id. Indeed, numerous courts have held that conclusory admissions like Ragle's do not establish the amount in controversy. See, e.g., Ernst v. Coca-Cola

Refreshments USA, Inc., No. 8:18-cv-2482-T-33JSS, 2018 WL 7352152, at *1 (M.D. Fla. Oct. 10, 2018)(holding that a Defendant, relying solely on Plaintiff's admission, did not prove that the amount in controversy had been met); Bienvenue v. Wal-Mart Stores, East, LP, No. 8:13-cv-1331-T-33TGW, 2013 WL 5912096, at *2 (M.D. Fla. June 19, 2013)(holding that the Plaintiff's generic admission to seeking an excess of $75,000 in damages did not satisfy the Defendant's burden of proof); Parrish v. Sears, Roebuck and Co., No. 8:10-cv-1684-T-23MAP, 2010 WL 3042230, at *1 (M.D. Fla. July 30, 2010)(holding that an unsupported and speculative response to a request for admission did not establish the jurisdictional amount in controversy).

In this case, Black & Decker has only provided Ragle's bare admission, vague allegations in his Amended Complaint, and jury verdicts in other cases to establish the amount in controversy. (Doc. # 6). Because the Court is not convinced by that other evidence, Ragle's bald admission likewise does not constitute a sufficient basis for removal.

The Court understands Black & Decker's frustration that Ragle has failed to provide bills and records — medical or otherwise — to clarify the amount of damages being sought. (Id. at 5). But, Black & Decker – not Ragle – bears the burden

of proving by a preponderance of the evidence that the federal jurisdictional amount has been met. Lowery, 483 F.3d at 1208. Had Black & Decker provided additional information, such as estimates of Ragle's medical expenses or calculations of his lost wages as a result of the accident, then the Court may have been able to draw the inference that Ragle's damages exceed $75,000. But, without such additional information, the Court doubts whether the amount in controversy has been satisfied.

In short, the Court is not convinced by a preponderance of the evidence that the amount in controversy exceeds $75,000. Therefore, Black & Decker has not carried its burden of establishing this Court's diversity jurisdiction and remand is required.

In its response, Black & Decker requests that if the Court remands this case that it be done "without prejudice to its right to remove at a later time after receipt of Plaintiff's medical records, bills and other damage related documents from Plaintiff." (Doc. # 6 at 6-7). Such a request is unnecessary as the Eleventh Circuit has held that a defendant "who fails to meet his burden for removal at the early stages of litigation may still have recourse to the federal courts later, after a fuller record has been developed

in discovery in the state court." Dudley v. Eli Lilly and Co., 778 F.3d 909, 913 (11th Cir. 2014). If Black & Decker can later provide "other paper" that it has not already presented to establish the federal jurisdictional limit, it may to attempt to remove this case to federal court again. See 28 U.S.C. § 1446(b)(3)(stating that a notice of removal may be filed within thirty days after a defendant receives other paper from which it may be determined that the case is removable).

Accordingly, it is now

**ORDERED, ADJUDGED,** and **DECREED:**

Because the Court lacks subject matter jurisdiction, the Clerk is directed to **REMAND** this case to state court and, thereafter, **CLOSE** this case.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 19th day of June, 2019.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE